# PAULSON & NACE, PLLC

ATTORNEYS AT LAW

1025 Thomas Jefferson St., NW, Suite 810, Washington, DC 20007

**Barry J. Nace** (DC, MD, PA, WV)
**Christopher T. Nace** (DC, FL, GA, MD, WV)
**Matthew A. Nace** (DC, MD, WV)
**Richard S. Paulson** (1929 – 1986)

November 10, 2020

***Via US Mail***
Natalie C. Magdeburger, Esq.
Pessin Katz Law, PA
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

Frederick W. Goundry, III, Esq.
Varner & Goundry, P.C.
121 East Patrick Street
Frederick, MD 21701

Eric Rhoades, Esq.
Armstrong, Donohue, Ceppos & Vaughn, Chtd.
204 Monroe Street, Ste. 101
Rockville, MD 20850

> ***Re: Fraley, Tammie, et al. v. Meritus Medical Center, INC., et al.***

Good afternoon:

Enclosed please find Plaintiffs' Answers to Defendant MDICS At Meritus Medical Center LLC d/b/a Adfintas Health At Meritus Medical Center's Interrogatories & Plaintiffs' Responses to Defendant Requests for Production of document.

Yours truly,

Nidia Cecena

PH 202.463.1999 | www.paulsonandnace.com | FAX 202.223.6824

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMIE FRALEY, et al., | |
| Plaintiffs, | Case No.: 1:20-cv-0130-RDB |
| *v.* | |
| MERITUS MEDICAL CENTER, INC., et al., | |
| Defendants. | |

## PLAINTIFFS' ANSWERS TO DEFENDANT MDICS AT MERITUS MEDICAL CENTER LLC D/B/A ADFINTAS HEALTH AT MERITUS MEDICAL CENTER'S INTERROGATORIES

*COMES NOW* Plaintiffs, by and through undersigned counsel, and respond to Mdics At Meritus Medical Center LLC D/B/A Adfintas Health At Meritus Medical Center's Interrogatories to Plaintiff. As a preliminary matter, Plaintiff states that (i) the information contained in these answers is not based solely on the knowledge of Plaintiff, but includes the knowledge of Plaintiff's agents and attorneys, unless privileged; and (ii) the word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers, and thus does not purport to be the exact language of the Plaintiff.

### General Objections to All Interrogatories

A. Plaintiffs object to Defendant's Interrogatories to the extent they exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.

B. Plaintiffs object to Defendant's Interrogatories to the extent that they request information that is confidential.

C. Plaintiffs object to Defendant's Interrogatories to the extent that they request information that is protected by any applicable privilege or constitutes attorney work product.

D. Plaintiffs object to Defendant's Interrogatories to the extent that they request information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

E. Plaintiffs object to Defendant's Interrogatories to the extent that the interrogatories are vague and overbroad.

## INTERROGATORIES

1. State your full name (first, middle and last); all previous names; present address and all addresses for the past ten (10) years; your date of birth; your social security number; the nature of your relationship with the decedent; your marital status; and all previous marital statuses, including the dates of marriage and dates of termination of each marriage and the full name and present address of each spouse.

**ANSWER: Tammie Elaine Fraley**

**279 Crestview Drive Martinsburg, WV 25405.**

**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**

**Mother of Decedent**

**Married to Joseph J Fraley August 17, 1995 thru Present**

2. Describe your educational background, your current employment status and identify your current employer, if any, and your employment history including names of employers, dates of employment, rates of pay, and reason for termination of employment.

**ANSWER:GED**

**Self Employed Caregiver 2008 – Present**

**Hollywood Casino 2005-2008 (Left for a better opportunity)**

**Aramark 1996 – 2005 (Left for a lessor commute)**

3.     State when an Estate was opened for the decedent and the date on which you, as Administratrix and/or Personal Representative of the Estate and Minor H.H., were granted Letters of Administration for the Estate and guardianship of minor H.H., and please attach copies of the Letters of Administration, Guardianship, and any other documents filed to open the Estate or related to guardianship.

ANSWER:    Please see the previously produced documents.

4.     State the decedent's full name at the time of her death (first, middle and last); all previous names; date of birth; social security number; address at the time of her death and all addresses for the ten (10) years preceding her death, including with whom she lived  at each address; marital status at the time of her death and all previous marital statuses, including the dates of marriage and dates of termination of each marriage and the full name and  present address  of  each spouse.  Also in order to ascertain whether the decedent  was a Medicare beneficiary, please provide the decedent's claim number (HICN).

ANSWER:    Plaintiff objects to this interrogatory to the extent that it seeks to discover information pertaining to a collateral source that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence and furthermore to the extent that such information is personal identifiable information that is privileged. Without waiving her objections, Plaintiff states the following

**Jessica Lynn Haynes**

**11-09-1985**

**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**

3

279 Crestview Drive Martinsburg, WV 25405 (Lived with Joseph Fraley, Tammie Fraley, Hannah Harris)

Married Wesley Harris in 2004 and divorced him in 2006.

Wesley Harris current address is unknown to me

5.    State whether the decedent had any natural or adopted children, including minor H.H., identifying each child by full name, date of birth, social security number, natural and/or adoptive father, and whether the child was living at the time of the decedent's death. For each child living at the time of the decedent's death, please provider the child's current or last known residential address and when the decedent last saw each child before her death.

**ANSWER:    Plaintiff objects to the production of the social security number of Hannah Harris as such information is personal identifiable information that is neither relevant nor reasonably calculated to lead to the discovery of information. Without waiving her objection, Plaintiff states the following:**

**Hannah McKenzie Harris**

**8-14-2005**

**xxx-xx-5918**

**Wesley Harris**

**Hannah was living at 279 Crestview Drive Martinsburg, WV 25405**

**Decedent saw her Daughter the day before her hospitalization.**

6.    Identify the "Use-Plaintiffs," Charles Franklin Haynes and Christopher William Larue, by name; date of birth; their relationships to you, decedent, and minor

4

Plaintiff H.H.; their current addresses; any other contact information you have; and why they are listed as Plaintiffs.

**ANSWER:**

**Charles Hayes is since deceased as of Oct 2020. (Ex Boyfriend of Tammie Fraley, Father of Decedent, Grandfather of HH)**

**Christopher LaRue 3-21-1982 (Son of Tammie Fraley, Brother of Decedent, Uncle of HH) 11890 Blairs Valley Road Mercersburg, PA 17236**

**Mr. LaRue has not responded to the previously submitted documentation of this case.**

7.    Describe the decedent's educational background, including but not limited to whether she graduated from high school and, if so, where and in what year; whether she attended a college or university and, if so, the name of the school, the major or minor course of study, the number of semesters successfully completed, and any degrees, licenses or certifications received; whether she pursued a post-graduate education and, if so, the name of the school, the major course of study, the number of semesters successfully completed, and any degrees, licenses or certifications received; and whether she was taking any classes or trainings at or around the time of the care at issue and, if so, the name of the school, the name of the classes successfully completed, and any degrees, licenses or certifications received.

**ANSWER:**

**GED April 2008**

**West Virginia Jr College**

**3 semesters**

**4.0 GPA**

**Nursing**

**Presidents List all 3 semesters**

8.      Describe the decedent's employment history for the ten (10) years preceding her death, including the identity of each of her employers; the dates each employment commenced and terminated; a detailed description of the work performed for each employer; the name of her immediate supervisor at each place of employment; and, if a claim for lost wages or loss of earning capacity is being asserted, the amount of annual earnings and identification of any fringe benefits provided by each employer. Please attach to the Responses to Request for Production all W-2's, 1099's, and tax returns that reflect income from the decedent.

**ANSWER:**

**Walmart**

**Jan 2015 thru Admittance to the Meritus Hospital**

9.      Since reaching the age of 18 and while represented by counsel or having waived the right to be represented by counsel were you and/or the decedent ever convicted of, or pled guilty to, a crime and, if so, state the nature of the offense for which you and/or the decedent was convicted and whether any fine, incarceration or other punishment was imposed.

**ANSWER: No.**

10.      As to any claim the decedent had ever made or lawsuit the decedent ever filed against any person, firm or corporation, for physical or emotional injuries, state the identity of each entity against whom the claim was made or lawsuit was filed and describe the mechanism of injury, the nature and extent of the injuries, from

**6**

whom compensation was sought and how the claim or lawsuit was resolved.

**ANSWER: No Claims made aside from the present lawsuit.**

11.     Identify any and all medical conditions sustained by the decedent, including any medical conditions before (dating back 15 years), during, and after her treatment at Meritus Medical Center in June 2016, the identity of the doctor or health care provider who diagnosed the condition, the recommended course of treatment for the condition, whether the decedent complied with the recommended course of treatment for the condition, the identity of the treating physician for the condition, and whether such condition existed at the time of the decedent's death.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks to invade upon decedent's HIPAA privileges in both time and scope. Without waiving her objections, Plaintiff directs Defendants to the medical records and will further rely upon her expert testimony for such information. Before her treatment at Meritus, Decedent had no known medical conditions.**

12.     Identify all hospitals and physicians or any other person or institutions that examined or rendered medical treatment or care to the decedent during the fifteen (15) year period preceding her death, provide the dates of examination or treatment and state the cause for and nature of each such examination or treatment rendered.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks to invade upon decedent's HIPAA privileges in both time and scope. Without waiving her objections, Plaintiff Decedent had a few normal Doctor visits in the past 15 years for minor colds or checkups. The dates of those visits are not known to the Plaintiff.**

13.     State whether the decedent smoked cigarettes, consumed alcohol and/

7

or used any controlled dangerous substances ("CDS") during the fifteen (15) year period preceding her death. If so, state the brand of cigarettes smoked as well as the type and amount of alcohol and/ or CDS she consumed; the year during which the use of cigarettes, alcohol and/or CDS commenced; and the frequency with which she consumed such cigarettes, alcohol and/or CDS.

**ANSWER:** **Plaintiff objects to this interrogatory to the extent that it is overly broad and unduly burdensome and to the extent that it seeks to discover information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, to the best of Plaintiff's knowledge, Decedent did occasionally smoke Marlboro Light Cigarettes.**

14. Describe any and all conversations you had, or any conversations you know the decedent or someone else had, with any health care providers, including telephone messages or correspondences from any health care providers, at any time regarding the decedent's medical care and treatment in relation to the allegations set forth in the Complaint.

**ANSWER:** **Plaintiff objects to this request to the extent that it is overly broad and unduly burdensome; however, without waiving her objection, to the best of her recollection, Plaintiff states the following:**

**We decided to rush Decedent to the ER at Meritus Medical Center in Hagerstown, MD. We arrived at approx. 7pm. They observed her for a couple hours to ensure she was not faking. The healthcare provider believed she could possibly just want drugs. After two hours he advised us that a spinal tap would be ordered. Soon after she was transferred to a regular room. At 6 am on June 4 the doctor advised us that she had suffered a stroke. Later that morning another doctor came**

8

in and told us that it wasn't a stroke and the spinal tap had revealed high white blood cell count and she was taken to an isolation, intensive care room. After a few days of testing by the infectious disease doctor, the neurologist, and a cardiologist, they finally decided it was a stroke but they could not determine what the cause of the high blood cell count was. During the few days in isolation, we were told many different prognosis. The only statement we were told about her brain was that the stroke had caused an ischemic injury and she may regain all functions of the right side. June 14, 2016, they released her back to a normal room, Jessica had regained normal speech and some use of her right leg. On June 16, 2016 they stated there was no more they could do for her at this hospital and she was released to the War Memorial Hospital Rehabilitation Center in Berkeley Springs, WV. On June 19th Jessica once again lost full right-side use and could not talk normally. The War Memorial Hospital Rehabilitation Center ran a scan and diagnosed a brain abscess. She was immediately transferred to Ruby Memorial Hospital in Morgantown, WV. On June 20, 2016 Jessica underwent brain surgery to remove the abscess and the surgery was unsuccessful due to the progression of the abscess.

15. State the exact nature of any and all acts which form the basis for your allegation of a breach of the standard of care by any agent, servant and/or employee of the Defendants. For each act, state all particulars with relation to such act, including the time and place of the act, a complete description of the act and what you contend the standard of care required of any agent, servant and/or employee of Defendants to do in caring for the decedent. This interrogatory is not asking for a response as to all health care providers generally, to the so-called agents of the corporate Defendants, or for a referral to the Complaint. Rather, it specifically requires that for

each individually named Defendant (Young, Njomo, Wubie, Sharma, and Baldassari) that you specifically and separately identify each act or omission you allege was negligent and identify the specific date on which that action/omission occurred.

**ANSWER: Plaintiff will rely upon her expert witness for such testimony and directs Defendants to the previously produced reports.**

16.    If you contend that the applicable standards of care or any other issues in this matter are established by any guidelines, articles, treatises, textbooks or other publications in the medical or scientific field, state the title of each publication, the journal, magazine, or series wherein each was published; the name and address of the publisher; date of the publication; and the name of the author and the volume and page or section referred to.

**ANSWER: Plaintiff will rely upon her expert witness for such testimony and directs Defendants to the previously produced reports.**

17.    State all facts which support your allegation that a breach of the standard of care by the Defendant caused injury to and/or the death of the decedent.

**ANSWER: Plaintiff will rely upon her expert witness for such testimony and directs Defendants to the previously produced reports.**

18.    State the name, home address, business address, occupation and employer of every expert whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. For each expert, specify in your answer whether or not that expert claims any particular expertise in a given field of medicine or science, describing precisely the field of the expertise claimed and specify whether such person shall testify

regarding (a) the liability of Defendants to Plaintiff, and/or (b) the nature and extent of, or causal connection to, the injuries and/or damages which you allege were sustained in the occurrence. Attach with your answers copies of all reports, statements and curriculum vitae and/or resumes prepared by each expert witness, in addition *to* reports in accordance with Federal Rule of Civil Procedure 26.

**ANSWER: Plaintiff will produce such discoverable information in accordance with the Court's Scheduling Order.**

19.    If you contend that any portion of any medical record, chart, or report prepared by any Health Care Provider, or anyone deemed to be an agent, servant and/or employee of such Health Care Provider, is inaccurate, false, has been altered, or has been destroyed, specifically identify each portion of each record, chart, or report you contend is inaccurate, false, has been altered, or has been destroyed, and provide in detail the factual basis for this contention.

**ANSWER: No such contention is made at this time.**

20.    Identify and give the substance of each known written statement or report relative to any of the facts giving rise to the occurrence, including any statement, action or admission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence or otherwise which you contend was made by any of the Defendants. Give the name and occupation of each person who has personal knowledge of the making of each such statement. State the place and date when each such statement was made.

**ANSWER: None at this time.**

21.    State precisely and in detail all economic damages which are claimed on

behalf of the estate of the decedent as a result of any act or omission or negligence of Defendants and provide an itemized statement of all economic damages claimed including, but not limited to, any and all medical expenses, lost wages, and/or funeral expenses, amongst others.

**ANSWER: Plaintiff will rely upon her expert witness for future damages but indicates the following past medical bills:**

1. **Berkeley Medical Center**
2. **Select Specialty Hospital**    $214,832.20
3. **Ruby Memorial Hospital**    $626,831.49
4. **UHA**    $50,792.89
5. **War Memorial Hospital**    TBS
6. **Weirton Medical Center**    TBS
7. **Shenandoah Center**    TBS
8. **Brightwood Center**    TBS

22.    State whether the decedent's medical expenses, if any, were paid by Medicaid or Medicare or by any insurance company and, if so, please provide any and all information regarding the amounts paid, the inclusive dates during which Medicare or Medicaid benefits were received, whether any liens have been asserted, the amount of any liens which have been asserted, and whether any final lien amount has been negotiated and/ or satisfied. Please attach any conditional payment letters received to Plaintiffs' Response to these Defendants' Request for Production of Documents.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks to discover information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

23.     State the names and addresses of each person who has or who you claim have personal knowledge of facts relevant to the liability and/or damages complained of in this matter and identify any such individuals you intend to call as fact witnesses at the time of trial. Defendants wish to depose any witnesses who plaintiffs intend to call at trial.

**ANSWER: Plaintiff directs Defendant to the medical records for the identification of healthcare providers. Plaintiff further identifies herself, her husband, her grand-daughter and any other person identified in any answers to discovery already propounded.**

24.     State whether you, or anyone on the decedent's behalf, have entered into any settlements, releases, loan receipt agreements or similar agreement in connection with the occurrence for injuries for which this suit is brought. If you answer is in the affirmative, state the identities of all parties and dates of all releases, settlements, loan receipt agreements, or similar agreement, the terms of all such agreements, and if you will do so without a Request for Production of Documents, attach a copy hereto of all such releases, settlements or agreements.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks to discover information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

25.     Give the name, address and occupation of every person who has investigated the occurrence complained of in this case on your behalf or on behalf of the decedent.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks to discover information that is neither relevant nor reasonably calculated to lead to the**

13

discovery of admissible evidence. Plaintiff further objects to the extent that this interrogatory seeks to invade upon the attorney client privilege and the attorney work-product doctrine.

I, Tammie Fraley do hereby state under penalty of perjury that the foregoing Answers to Mdics At Meritus Medical Center Llc D/B/A Adfintas Health At Meritus Medical Center's Interrogatories are, to the best of my knowledge, truthful and accurate.

_Tammie E. Fraley_

Tammie Fraley

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2020, I caused a true and exact copy of the foregoing **Answers to Interrogatories** to be served via Electronic Mail & U.S. Mail upon:

_____
Matthew A. Nace, Esq.

TAMMIE FRALEY, et al.,

        Plaintiffs,

*v.*

        Case No.: 1:20-cv-0130-RDB

MERITUS MEDICAL CENTER, INC., et al.,

        Defendant.

## PLAINTIFFS' RESPONSES TO DEFENDANT
## REQUESTS FOR PRODUCTION OF DOCUMENTS

    ***COMES NOW*** Plaintiffs, by and through the undersigned counsel, hereby respond to DEFENDANT First Request for Production. As a preliminary matter, Plaintiff states that (i) the information contained in these answers is not based solely on the knowledge of Plaintiff, but includes the knowledge of Plaintiff's agents and attorneys, unless privileged; and (ii) the word usage and sentence structure may be that of the attorney assisting in the preparation of these Responses, and thus does not purport to be the exact language of the Plaintiff.

### General Objections

A.    Plaintiffs object to Defendant's Document Requests to the extent they exceed the scope of discovery permitted by the Maryland Rules of Civil Procedure.

B.    Plaintiffs object to Defendant's Document Requests to the extent that they request information that is confidential.

C.    Plaintiffs object to Defendant's Document Requests to the extent that they request information that is protected by any applicable privilege.

D.    Plaintiffs object to Defendant's Document Requests to the extent that they request information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

E.    Plaintiffs object to Defendant's Document Requests to the extent that they are vague and overbroad.

### Specific Objections and Responses

1.    Birth Certificates for all natural born children of Jessica Haynes.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks to discover personal identifiable information that is privileged.**

2.    The Birth and Death Certificates for Jessica Haynes.

**RESPONSE: Please see the previously produced documents identified below.**

3.    All documents referring or relating to any admissions or statements made by any representative of the Defendants relating to the alleged malpractice or any matters that are the subject of this litigation.

**RESPONSE: N/A.**

4.    All documents referring or relating to communication between you and/or Decedent and the Defendants.

**RESPONSE: Plaintiff objects to this request to the extent that it is overly broad and unduly burdensome with regard to communications between the Plaintiffs and the decedent. With regard to the communications between Plaintiff and the Defendants, Plaintiff is not in possession of any such documents and does not believe there to be any at this time.**

5.    All documents referring or relating to facts tending to support the allegations in your Complaint that Plaintiffs and/or Decedent sustained injuries as a result of the alleged malpractice.

**RESPONSE: Please the previously produced documents identified below.**

6.    All photographs, sketches, or diagrams relating in any way to the allegations of the Plaintiffs' Complaint.

2

**RESPONSE: None at this time.**

      7.     Any and all diaries, calendars, notes or recordings made by the Plaintiffs relating to the allegations of the Plaintiffs' Complaint.

**RESPONSE: None at this time, Plaintiff is attempting to locate any potential "daily planners" that may have been in existence and will supplement if and when she discovers any.**

      8.     All reports, written memoranda, records and notes of any person whom the Plaintiffs expect to designate or call as an expert witness at the trial of this matter, including but not limited to all documents referring to or relating to any findings or opinions of any person whom you intend to call as an expert witness at the trial of this action, which findings or opinions relate to any alleged act of negligence by any person, or other liability in connection with the alleged malpractice.

**RESPONSE: Plaintiff will produce any such discoverable documents in accordance with the Court's Schedule Order but also directs Defendants to the previously produced CQE's and Attesting Reports.**

      9.     A copy of the most recent curriculum vitae or resume, as well as a bibliography, for each person whom the Plaintiffs intend to designate or call as an expert witness at the trial of this matter.

**RESPONSE: Plaintiff will produce any such discoverable documents in accordance with the Court's Schedule Order but also directs Defendants to the previously produced CQE's and Attesting Reports.**

      10.    Copies of all reports, statements, correspondence, or other memoranda

prepared by or at the direction of any witness or expert witness consulted by the Plaintiffs.

**RESPONSE: Plaintiff will produce any such discoverable documents in accordance with the Court's Schedule Order.**

11. Each and every treatise, exhibit, memorandum, writing, drawing, diagram or other tangible item referred to, relied on, or utilized in formulating an opinion by any expert witness whom the Plaintiffs intend to designate or call at the trial of this matter.

**RESPONSE: Plaintiff will produce any such discoverable documents in accordance with the Court's Schedule Order.**

12. All medical records, surgical records, hospital records, clinic records, mental records, medical reports, writings, notes or memoranda relating in any way to Jessica Haynes' physical, mental or medical conditions, illnesses, or disabilities of the decedent, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions, or other Defendants or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiffs' contention that such physical, mental, or medical conditions, illnesses, or disabilities were caused in any way by the Defendants or any agent or employee of the Defendants for the period of time commencing fifteen (15) years before the occurrence alleged in the Complaint up to and including the present date.

**RESPONSE: Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, and to the extent that it seeks to violate decedent's**

HIPAA privileges in both time and scope. Without waiving her objections, Plaintiff directs Defendant to the previously produced medical records as referenced below.

13. With respect to any hospital records, doctor records, governmental records or any other records referred to in this Request for Production of Documents which are in existence, but are not physically in the possession or custody of the Plaintiffs or Plaintiffs' attorneys, the Defendant request that the Plaintiff produce executed authorizations for each doctor, hospital, person, corporation, agency, etc., where records exist, to allow the Defendants to examine and obtain copies of said records.

**RESPONSE: Please see the stated objection to Request No. 12.**

14. All documents referring or relating to any allegation that you have incurred medical, economic or other related expenses as a result of the alleged malpractice.

**RESPONSE: Plaintiff directs Defendant to the previously produced medical records as referenced below**

15. All documents referring or relating to any insurance coverage which you claimed provided any benefits with respect to the injuries or damages, allegedly sustained as a result of the alleged malpractice.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks to violate the collateral source doctrine.**

16. All documents referring or relating to any medical expenses paid by

5

Medicaid or Medicare or by any insurance company including, but not limited to, any and all information regarding the amounts paid, whether any liens asserted, the amount of any liens which have been asserted and whether any final lien amount has been negotiated and/ or satisfied.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks to violate the collateral source doctrine.**

17. All documents referring or relating to any communications with the Centers for Medicare and Medicaid Services (CMS) regarding the Decedent, including, but not limited to, all documentation submitted to CMS advising it of the claims asserted in the instant lawsuit and all documentation received from CMS regarding any conditional payments and/ or liens claimed by CMS.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks to violate the collateral source doctrine.**

18. All documents referring or relating to Jessica Haynes' education or any classes she had or was taking or documents supportive of such education or classes.

**RESPONSE: Plaintiff refers Defendant to the previously produced documents and will supplement.**

19. All documents referring or relating to any loss of time from employment, business, or occupation as well as any loss of income you have sustained as a result of the occurrence.

**RESPONSE: Plaintiff refers Defendant to the previously produced documents and will supplement.**

20. All employment records relating in any way to Jessica Haynes, whether employed or self-employed, including the names and addresses of all employers, the records of the dates absent from work for any reason whatsoever, the records relating to the fact and duration of unemployment and all records of income from employment from 2005 through the present date.

**RESPONSE: Plaintiff refers Defendant to the previously produced documents and will supplement.**

21. All of the decedent's records of workers' compensation, unemployment insurance, welfare, social security disability, and applications for assistance from any governmental agency because of unemployment, disability or ill health from 2000 through the present date.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence**

22. All state and federal income tax returns of Jessica Haynes with all attachments for the years 2005 to the present.

**RESPONSE: Plaintiff will supplement.**

23. All transcripts or recordings of the testimony of any person or persons relating to the alleged malpractice or negligence of the Defendants, or the injuries and damages for which claim is being made in this action.

**RESPONSE: None at this time.**

24.     All documents referring or relating to any settlement, loan receipt, subrogation agreement, release, or similar agreement between you and any person or persons with respect to the alleged malpractice or injuries sustained by you.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

25.     All documents referred to or identified in your responses to Interrogatories propounded by these Defendants.

**RESPONSE: Please see the previously produced documents as identified below.**

26.     All other documents which you propose to introduce into evidence or rely upon as demonstrative evidence at the hearing or trial of this case.

**RESPONSE: Plaintiff will supplement if additional documents are needed.**

27.     All other documents that in any way support your claim for monetary damages in this case.

**RESPONSE: Please see the previously produced documents as identified below.**

28.     All other documents that in any way support your claim for non-economic damages in this case.

**RESPONSE: None at this time.**

29.     A copy of Letters of Administration issued for the Estate of Jessica Haynes.

**RESPONSE: Please see the previously produced documents as identified below.**

30.     Any pictures or other documentation of any funeral which took place for Jessica Haynes, including funeral expenses, who was in attendance, and where it was held.

**RESPONSE: Plaintiff will supplement.**

31.     Copies of any obituaries for Jessica Haynes.

**RESPONSE: Plaintiff will supplement.**

32.     Any pictures, videotapes, documents or other objects depicting the decedent during her life.

**RESPONSE: Plaintiff objects to this request to the extent that is overly broad and unduly burdensome. Without waiving her objection, Plaintiff will supplement with any relevant media.**

Respectfully Submitted,

PAULSON & NACE, PLLC

Matthew A. Nace,
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2020, I caused a true and exact

copy of the foregoing to be served via U.S. Mail upon:

Eric Rhoades, Esquire
Armstrong, Donohue, Ceppos & Vaughn, Chtd.
204 Monroe Street, Suite 101
Rockville, MD 20850

Natalie C. Magdeburger, Esquire
Brian M. Cathell, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204

Frederick W. Goundry, III, Esq.
Varner & Goundry
121 East Patrick Street
Frederick, MD 21701


Matthew A. Nace, Esq.

# Medical Records Index

| TAB | PROVIDER | DATES | BATES NO. |
|-----|----------|-------|-----------|
| | Imaging: Meritus Health | | |
| | Imaging: War Memorial | | |
| 1 | ey Medical Center | 6/2/16 | 1035 |
| 2 | ey Medical Center | | 2009 |
| 3 | is Medical Center | – 6/16/16 | 3631 |
| 4 | is Medical Center – Radiology | – 6/15/16 | 4009 |
| 5 | femorial | 5 – 6/19/16 | 5066 |
| 6 | femorial – Radiology | 5 | 6053 |
| 7 | Specialty Hospital | 5 | 7190 |
| 8 | ndoah Center | 5 – 11/9/16 | 8800 |
| 9 | wood Center | 16 – 3/6/17 | 9893 |
| 10 | Memorial Hospital (Portions of Records) | cluded | e used for depositions |
| 11 | Memorial Hospital | 5 – 2/14/17 | )-117468 |
| 12 | n Hospital | | - 12465 |
| 13 | Certificate | | |

# Bills Binder Index

| TAB | PROVIDER | BATES NO. |
|---|---|---|
| 1 | ey Medical Center | |
| 2 | Specialty Hospital | 32 |
| 3 | Memorial Hospital | 86 |

LETTERS OF ADMINISTRATION