# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

TAMMIE FRALEY, et al.,

    Plaintiffs,

v.

MERITUS MEDICAL CENTER, INC., et al.,

    Defendants.

Case No. 1:20-cv-0130-RDB

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

*COME NOW* Plaintiffs, by and through undersigned counsel, and respectfully submit to this Honorable Court their Opposition to Defendants' Joint Motion for Summary Judgment. In opposition thereof, Plaintiffs state the following:

1. Defendants' Motion is wholly predicated on their statement that Plaintiffs' have failed to designate any expert witnesses in this matter and have failed to request modifications to the scheduling order.

2. As pointed out in ECF Document No. 25, Plaintiffs have sought to extend the scheduling for good cause and Plaintiffs have identified their expert witnesses.

3. There is no prejudice to the Defendants.

4. The Court has already granted ECF Doc. No. 25, making this matter moot.

5. Finally, the issues surrounding the Covid pandemic make the denial of this motion just and proper.

Respectfully submitted,

PAULSON & NACE, PLLC

/s/ Matthew A. Nace, Esq.
Matthew A. Nace, Esq. #29684
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2020, I caused a true and exact copy of the foregoing to be served via the Court's Online File Service upon:

Eric Rhoades, Esquire
German A. Rodriquez, Esquire
Armstrong, Donohue, Ceppos & Vaughn, Chtd.
204 Monroe Street, Suite 101
Rockville, MD 20850

Natalie C. Magdeburger, Esquire
Gregory Kirby, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204

Frederick W. Goundry, III, Esq.
Varner & Goundry
121 East Patrick Street
Frederick, MD 21701

/s/ Matthew A. Nace, Esq.
Matthew A. Nace

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

TAMMIE FRALEY, et al.,,

    Plaintiffs,

v.

MERITUS MEDICAL CENTER, INC., et al.,

    Defendants.

Case No. 1:20-cv-0130-RDB

## **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

In response to Defendants' Statement of Undisputed Material Facts, Plaintiffs state the following:

1. All the Defendants are individual or corporate healthcare providers.

   **Admitted.**

2. Plaintiffs' claims are premised upon alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted.**

3. Plaintiffs allege that the decedent's injuries and ultimate death were proximately caused by the alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted.**

4. Plaintiffs seek to recover substantial damages purportedly caused by the alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted in part. Plaintiffs dispute the use of the word "substantial" as it is a subjective term as to what one would consider "substantial" when considering the**

**alleged negligence caused a mother to die, a mom to lose her daughter, and a minor child to lose her mother for the rest of her life.**

5. Pursuant to the Court's Scheduling Order, as amended, Plaintiffs' deadline to provide expert witness disclosures was required by Rule 26(a)(2)(C) was September 30, 2020.

   **Admitted in part and denied. While the Amended Scheduling Order did indicate the date of September 30, 2020, to the extent that Defendants are attempting to claim that they were deprived of reports and opinions of the experts, pursuant to ECF Doc. No. 20, all parties "consent to waive the requirements of expert reports and to treat all retained experts and hybrid witnesses under F.R.C.P. 26(a)(2)(c).**

6. Plaintiffs failed to provide any Rule 26(a)(2)(C) expert witness disclosures on or before September 30, 2020 as required by the Court's Scheduling Order.

   **Admitted in part and denied. As stated and incorporated by reference, while a document titled "Plaintiffs' Rule 26(a)(2)(C) Expert Witness Disclosure" was not filed, Plaintiffs have disclosed and filed reports of all of their expert witnesses, with the exception of an economist who will be designated, in the Health Care Alternative Dispute Resolution Office. (ECF Doc. No. 25).**

7. As of the filing of this Motion – more than two months after the Plaintiffs expert disclosure deadline and now past the Defendants' deadline – Plaintiffs have failed to provide the requisite Rule 26(a)(2)(C) expert witness disclosure as mandated by the Court's Scheduling Order.

   **Admitted in part and denied. As stated and incorporated by reference, while a document titled "Plaintiffs' Rule 26(a)(2)(C) Expert Witness Disclosure" was not filed, Plaintiffs have disclosed and filed reports of all of their expert witnesses, with the exception of an economist who will be designated, in the Health Care Alternative Dispute Resolution Office. (ECF Doc. No. 25).**

8. As of the filing of this Motion, Plaintiffs have failed to request an extension of their deadline to designate expert witnesses or any other modification to the Scheduling Order.

   **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

9. As of the filing of this Motion, Plaintiffs' counsel has not requested undersigned defense counsel's consent to any modifications of the Scheduling Order or otherwise communicated with undersigned counsel regarding Plaintiffs' failure to designate expert witnesses in accordance with the Court's Scheduling Order.

   **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

10. As of the filing of this Motion, Plaintiffs have not submitted any information to the Court concerning their failure to designate experts, any reason(s) therefor, or any attempts on their part to comply with the expert disclosure deadline set forth in the Scheduling Order.

    **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft**

**and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

        Respectfully submitted,

        PAULSON & NACE, PLLC

        /s/ Matthew A. Nace, Esq.
        Matthew A. Nace, Esq. #29684
        1025 Thomas Jefferson St., NW
        Suite 810
        Washington, DC 20007
        202-463-1999 – Telephone
        202-223-6824 – Facsimile
        man@paulsonandnace.com

        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2020, I caused a true and exact copy of the foregoing to be served via the Court's Online File Service upon:

Eric Rhoades, Esquire
German A. Rodriquez, Esquire
Armstrong, Donohue, Ceppos & Vaughn, Chtd.
204 Monroe Street, Suite 101
Rockville, MD 20850

Natalie C. Magdeburger, Esquire
Gregory Kirby, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204

Frederick W. Goundry, III, Esq.
Varner & Goundry
121 East Patrick Street
Frederick, MD 21701

/s/ Matthew A. Nace, Esq.
Matthew A. Nace

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMIE FRALEY, et al.,,<br><br>Plaintiffs,<br><br>v.<br><br>MERITUS MEDICAL CENTER, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-0130-RDB |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

*COME NOW* Plaintiffs, by and through undersigned counsel, and respectfully submit to this Honorable Court their Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion for Summary Judgment. In opposition thereof, Plaintiffs state the following:

### Factual and Procedural History

For the most part, Plaintiffs do not dispute the factual and procedural history as stated by the Defendants; however, it is incomplete. Specifically, Defendants have failed to inform the Court that Maryland Code, Courts and Judicial Proceedings §3-2A-04, Plaintiffs filed Certificates of Qualified Experts and Attesting Reports of Jerome Barakos, M.D., David H. Goldstein, M.D., Matthew Ammerman, M.D., Robert Arbeit, M.D., and Thomasina Pap-Rugino, M.D. on August 8, 2018 and July 17, 209. (ECF Doc. Nos. 25-1 to 25-3).

Additionally, on December 1, 2020 Plaintiffs filed ECF Doc. No. 25 which requested a modification to the Court's Scheduling, *and the Court granted that Motion on December 1, 2020.* (ECF Doc. No. 26 and the order was modified through ECF Doc. No. 29). That order expressly stated that after Dr. Anwar filed an Answer, "counsel should contact chambers to request modification of the scheduling order at that time – if needed."

9

**Legal Argument**

I. **Good Cause Existed and Has Been Accepted By This Court For Any Perceived Delays.**

As stated and incorporated herein by reference in ECF Doc. No. 25, due to Covid related issues that arose at the time of the filing and service of this Complaint, one party was not served. Furthermore, Plaintiffs had requested the deposition of the named Defendants in July of this year, and yet no dates had ever been provided by the Defendants in response to that request. (Exhibit 2). Defendants now wish to claim that by failing to produce themselves for deposition in what they acknowledge is a highly complex medical malpractice case, that they should be granted a dismissal on the claim over a technicality. (This is no more than a technicality for the reasons set forth below).

The Court has recognized that good cause exists in this matter by speaking through its Order of December 1, 2020. (ECF Doc. No. 26).

II. **There Is No Prejudice To Defendants and Any Such Representation is a Distortion of the Facts.**

Defendants argue that they have been prejudiced because they were "forced to conduct their expert investigation and submit their own preliminary expert disclosures *without the benefit of Plaintiffs' disclosures or the ability to depose the experts whom Plaintiffs may rely upon at trial.*" (ECF Doc. No. 24-1 a p. 9). Such a statement is belied by the fact that Defendants have been in possession of Plaintiffs' Expert Reports for over a year. (ECF Doc. Nos. 25-1 to 25-3). It is further belied by the fact that under the provisions of Maryland Code, Courts and Judicial Proceedings §3-2A-04(b)(2)(i), Defendants were required themselves to produce Certificates of Qualified Experts and Attesting Reports within 120 days of service of the Plaintiffs' Certificates of Qualified Experts and Attesting Reports. All parties filing this motion were served with the Plaintiffs' Certificates of Qualified Experts and Attesting Reports by August 13, **2018**. That means, that their Reports were all due no later than December 13, 2018. The moving Defendants did file their reports prior to December 13, 2018 (with the exception

10

to one party whom Plaintiffs granted and extension to out of courtesy). (Exhibit 3). In other words, Defendants have had the opinions of the Plaintiffs' case for over a year, consulted with experts over two years ago, and have known what this case was forever. There is no prejudice to these Defendants. Likewise, Plaintiffs have had the Certificates of Qualified Experts and Attesting Reports of the Defendants' witnesses as well, and so Defendants are hardly prejudiced to say that it is unfair that they had to tell Plaintiffs a second time who their expert witnesses would be and what their opinions would be when Maryland Code, Courts and Judicial Proceedings §3-2A-04(b)(2)(i) required them to do that two years ago. There is simply no prejudice to these Defendants.

Finally, the Covid Pandemic has caused unquestionable strife and difficulties in the practice of law with countless General Orders from the Courts, scheduling difficulties across the litigation field and future implications of unknown affects. The parties all know what this case is about and who the experts are. Plaintiff Tammie Fraley even submitted for her deposition after the filing of this motion – albeit it was scheduled before this motion was filed and Defendants never bothered to attempt to cancel it. A new party has been served and will now need to partake in discover as well. Justice in the matter requires the Court to stay true to its prior Order and to deny this Motion and reset the scheduling order once Dr. Anwar has filed his Answer.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court Deny this Motion.

Respectfully submitted,

PAULSON & NACE, PLLC

/s/ Matthew A. Nace, Esq.
Matthew A. Nace, Esq. #29684
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMIE FRALEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERITUS MEDICAL CENTER, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-0103-RDB |

## ORDER

Upon consideration of Defendants' Joint Motion for Summary Judgment and Plaintiffs' opposition thereto, it is hereby:

**ORDERED** that the Motion is **DENIED**.

So ordered this _____ day of _____, 2020.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

**Copies to Counsel of Record**