# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

TAMMIE FRALEY, et al.,

 Plaintiffs,

v.

MERITUS MEDICAL CENTER, INC., et al.,

 Defendants.

Case No. 1:20-cv-0130-RDB

## **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

In response to Defendants' Statement of Undisputed Material Facts, Plaintiffs state the following:

1. All the Defendants are individual or corporate healthcare providers.

   **Admitted.**

2. Plaintiffs' claims are premised upon alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted.**

3. Plaintiffs allege that the decedent's injuries and ultimate death were proximately caused by the alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted.**

4. Plaintiffs seek to recover substantial damages purportedly caused by the alleged breaches of the professional standard of care by specialized Defendant physicians.

   **Admitted in part. Plaintiffs dispute the use of the word "substantial" as it is a subjective term as to what one would consider "substantial" when considering the**

**alleged negligence caused a mother to die, a mom to lose her daughter, and a minor child to lose her mother for the rest of her life.**

5. Pursuant to the Court's Scheduling Order, as amended, Plaintiffs' deadline to provide expert witness disclosures was required by Rule 26(a)(2)(C) was September 30, 2020.

    **Admitted in part and denied. While the Amended Scheduling Order did indicate the date of September 30, 2020, to the extent that Defendants are attempting to claim that they were deprived of reports and opinions of the experts, pursuant to ECF Doc. No. 20, all parties "consent to waive the requirements of expert reports and to treat all retained experts and hybrid witnesses under F.R.C.P. 26(a)(2)(c).**

6. Plaintiffs failed to provide any Rule 26(a)(2)(C) expert witness disclosures on or before September 30, 2020 as required by the Court's Scheduling Order.

    **Admitted in part and denied. As stated and incorporated by reference, while a document titled "Plaintiffs' Rule 26(a)(2)(C) Expert Witness Disclosure" was not filed, Plaintiffs have disclosed and filed reports of all of their expert witnesses, with the exception of an economist who will be designated, in the Health Care Alternative Dispute Resolution Office. (ECF Doc. No. 25).**

7. As of the filing of this Motion – more than two months after the Plaintiffs expert disclosure deadline and now past the Defendants' deadline – Plaintiffs have failed to provide the requisite Rule 26(a)(2)(C) expert witness disclosure as mandated by the Court's Scheduling Order.

    **Admitted in part and denied. As stated and incorporated by reference, while a document titled "Plaintiffs' Rule 26(a)(2)(C) Expert Witness Disclosure" was not filed, Plaintiffs have disclosed and filed reports of all of their expert witnesses, with the exception of an economist who will be designated, in the Health Care Alternative Dispute Resolution Office. (ECF Doc. No. 25).**

8. As of the filing of this Motion, Plaintiffs have failed to request an extension of their deadline to designate expert witnesses or any other modification to the Scheduling Order.

   **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

9. As of the filing of this Motion, Plaintiffs' counsel has not requested undersigned defense counsel's consent to any modifications of the Scheduling Order or otherwise communicated with undersigned counsel regarding Plaintiffs' failure to designate expert witnesses in accordance with the Court's Scheduling Order.

   **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

10. As of the filing of this Motion, Plaintiffs have not submitted any information to the Court concerning their failure to designate experts, any reason(s) therefor, or any attempts on their part to comply with the expert disclosure deadline set forth in the Scheduling Order.

    **Admitted in part and denied. At the time of the filing of this motion, Defendants had failed to seek consent to the motion or made any inquiry to the matter at all; however, Plaintiffs had drafted ECF Doc. No. 25 and within minutes after finalizing the draft**

**and in the overlap of receiving the Court's notification of the filing of this motion, Plaintiffs were circulating the motion by email. (Exhibit 1).**

>Respectfully submitted,
>
>PAULSON & NACE, PLLC
>
>/s/ Matthew A. Nace, Esq.
>Matthew A. Nace, Esq. #29684
>1025 Thomas Jefferson St., NW
>Suite 810
>Washington, DC 20007
>202-463-1999 – Telephone
>202-223-6824 – Facsimile
>man@paulsonandnace.com
>
>*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2020, I caused a true and exact copy of the foregoing to be served via the Court's Online File Service upon:

Eric Rhoades, Esquire
German A. Rodriquez, Esquire
Armstrong, Donohue, Ceppos & Vaughn, Chtd.
204 Monroe Street, Suite 101
Rockville, MD 20850

Natalie C. Magdeburger, Esquire
Gregory Kirby, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204

Frederick W. Goundry, III, Esq.
Varner & Goundry
121 East Patrick Street
Frederick, MD 21701

                                           /s/ Matthew A. Nace, Esq.
                                           Matthew A. Nace