IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAMMIE FRALEY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-20-1023 |
| MERITUS MEDICAL CENTER INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Tammie Fraley ("Plaintiff" or "Fraley"), serving as Administratrix of the Estate of Jessica Haynes, and as a personal representative of H.H., a Minor, filed suit on April 20, 2020 against twelve healthcare providers, including Dr. Samina Anwar, a board-certified neurologist. (ECF No. 1.) The Complaint alleges negligence by all twelve health care provider defendants and claims that the providers failed to diagnose the decedent, Jessica Haynes, with a brain abscess. (*Id.*) On January 8, 2021, Defendant Dr. Anwar filed a Motion to Dismiss for Failure to State a Claim (ECF No. 33). On March 30, 2021, this Court held an audio motions hearing[1] in which it heard arguments of counsel related to this pending motion. Having reviewed the submissions of the parties, heard arguments of counsel, and for the reasons set forth on the record this Court GRANTED the Defendant Dr. Anwar's Motion to Dismiss (ECF No. 33). Accordingly, the Plaintiff's claims against Dr. Anwar are DISMISSED

---

[1] This audio hearing was conducted pursuant to Standing Orders 2021-01 and 2021-04 in light of the reduction in operations due to the COVID-19 pandemic.

1

WITHOUT PREJUDICE. At the hearing, this Court stated it would provide this supplemental Memorandum Opinion to elaborate on its ruling.[2]

## BACKGROUND

On June 20, 2018, Plaintiff Fraley filed suit in the Health Care Alternative Dispute Resolution Office ("HCADRO"), naming fifteen health care providers. (*See* Ex. A, ECF No. 33-1.) That list did not include Defendant Dr. Anwar. (*Id.*) On May 31, 2019, the Plaintiff sought to leave to amend her filing to add Dr. Anwar. (*Id.*) Attached to her motion for leave was an unsigned draft of the proposed amended pleading which would have added Dr. Anwar to the action. (ECF No. 34 at 3; *see also* Ex. 2, ECF No. 33-1.) On July 22, 2019, Fraley filed a Certificate of Qualified Expert and a report alleging negligence by Dr. Anwar, but as Dr. Anwar was still not a named defendant in the suit, the document was never served on her. (*Id.*) On March 30, 2020, Fraley filed a binding Election to Waive Arbitration. (*Id.*)

When Fraley filed suit in this Court on April 20, 2020, naming Dr. Anwar as a Defendant, summons were issued to all Defendants and were required to be served within 21 days. (ECF No. 2.) However, Dr. Anwar was not served within that period. On December 1, 2020, the Plaintiff moved for renewed summons for Dr. Anwar and for additional time in which to serve her (although she named the wrong Defendant in that motion and had to amend such request on December 9, 2020). (ECF No. 25.) By that point, a Scheduling Order had been issued and discovery was underway—the Plaintiff had even already given her sworn deposition testimony. Dr. Anwar alleges that on December 18, 2020, her office manager

---

[2] Also pending at the time of the March 30, 2021 hearing was the Defendants' Joint Motion for Summary Judgment (ECF No. 24). For the reasons stated on the record, this motion is now considered WITHDRAWN WITHOUT PREJUDICE, as such motion is now moot in light of the forthcoming revised scheduling order in this case.

2

found the suit papers, without any envelope, on a windowsill outside her office. (Ex. C, ECF No. 33-3.)

On January 8, 2021, the Defendant Dr. Anwar filed the presently pending Motion to Dismiss (ECF No. 33) in which she sought dismissal on two bases. First, she contends that the Plaintiff never filed a claim against her in HCADRO as required by the Maryland Healthcare Malpractice Claims Act ("HCMCA"), Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.* Second, she contends that the recent service attempt made with respect to this lawsuit was grossly delayed under Federal Rule of Civil Procedure 4(m) and ineffective under Rules 4(e) and 12(b)(5).

## STANDARD OF REVIEW

"The Maryland Court of Appeals has made clear that certain requirements under the [Maryland Health Care Malpractice Claims Act ("HCMCA")] . . . are conditions precedent to the filing of a medical malpractice suit in court, but do not constitute a jurisdictional limitation." *Elnadi v. Upinder Singh, DDS, PC*, No. ELH-12-1762, 2013 WL 1855977, at *2-*3 (D. Md. April 30, 2013). Therefore, this Court analyzes failures to exhaust claims under the HCMCA as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Hanlin-Cooney v. Frederick Cty.*, No. WDQ-13-1731, 2014 WL 576373, at *5, *8 (D. Md. Feb. 11, 2014) (dismissing medical malpractice claim under 12(b)(6) for failure to exhaust claim under HCMCA). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires

a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). All well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994) (plurality opinion), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

A motion to dismiss for insufficient service of process is permitted by Federal Rule of Civil Procedure 12(b)(5). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

## ANALYSIS

Under the Health Care Malpractice Claims Act ("HCMCA"), a plaintiff in a medical malpractice action must file a Statement of Claim and a Certificate of Qualified Expert against a health care provider in the Health Claims Alternative Dispute Resolution Office ("HCADRO") of Maryland as a condition precedent to proceeding with the claim against that same health care provider in court. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02; *see also Poppell v. United States*, No. RDB-10-3549, 2011 WL 4433577, at *3, n.3 (D. Md. Sept. 21, 2011). A claimant also must exhaust state arbitration remedies as a precondition to bringing a civil action on the claim in state or federal court. *See* Md. Code Ann, Cts. & Jud. Proc. § 3-2A-04; *Rowland v. Patterson*, 882 F.2d 97, 97 (4th Cir. 1989). "A malpractice action must be dismissed

if a plaintiff does not comply with these requirements." *Zeller v. Zhou*, PWG-18-2650, 2019 WL 2579412, at *4 (D. Md. June 24, 2019); *see also Redding v. Ameriprise Auto & Home Ins.*, DKC-11-3141, 2012 WL 1268327, at *6 (D. Md. Apr. 13, 2012) (holding that a plaintiff's failure to satisfy terms of the HCMCA prior to bringing suit "has long been held to *require* dismissal without prejudice, regardless of the circumstances.")

Given the undisputed facts in this case, the Plaintiff's claims against Dr. Anwar must be dismissed. On June 20, 2018, the Plaintiff filed a statement of claim in HCADRO against fifteen defendants, which did not include Dr. Anwar. Almost a year later, the Plaintiff sought leave to amend her filing to add Dr. Anwar, but as the docket of the HCADRO clearly provides, no such amendment was ever filed. An unsigned draft attached to the motion seeking leave to amend did not officially add Dr. Anwar, and the Plaintiff's contention that the filing of a Certificate of Qualified Expert and a report alleging negligence by Dr. Anwar sufficed to meet the requirements of the HCMCA defies statutory interpretation. A clear prerequisite to filing a suit against a health care provider in this Court is submission of a claim to HCADRO, *Poppell*, 2011 WL 4433577, at *3 n.3 (citing Md. Code Ann., Cts & Jud. Proc § 3-2A-02), and at the time Fraley filed this suit, she had not filed any such claim against Dr. Anwar in HCADRO.

Even if Fraley had properly filed a claim against Dr. Anwar in compliance with the HCMCA, her claims against Dr. Anwar would still be subject to dismissal under Rule 12(b)(5). Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service be made

within a specified time, unless the plaintiff shows good cause for the failure. It is undisputed that Dr. Anwar was not served in this case until December 18, 2020, nearly eight months after Fraley filed her suit in this Court on April 20, 2020. By the time Dr. Anwar was served, a Scheduling Order had been issued and discovery was underway. The Plaintiff had even already given her sworn deposition. The only explanation for this delay was an oversight by Defense Counsel, apparently in part due to complications caused by the COVID-19 pandemic. Yet, mere "inadvertence or neglect of counsel" to timely serve a defendant "will not suffice" for good cause. *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995). Although this Court understands that the COVID-19 pandemic has had a notable impact on the functioning of the legal system, complications caused by the virus cannot account for an eight-month delay in serving Dr. Anwar.

## CONCLUSION

For these aforegoing reasons, and the reasons stated on the record, the Defendant Dr. Anwar's Motion to Dismiss (ECF No. 34) was GRANTED. Accordingly, the Plaintiff's claims against Dr. Anwar were DISMISSED WITHOUT PREJUDICE.

Dated: March 31, 2021.

                                                      _____/s/_____
                                                     Richard D. Bennett
                                                     United States District Judge